<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GERSON JEAN-MARIE,<br><br>　　　　Plaintiff,<br>v.<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PORT AUTHORITY POLICE DEPARTMENT, OFFICER PHILLIP CAMPO, JR., in his official and individual capacities, SERGEANT WALLIS, in his official and individual capacities, JOHN DOES 1-10 (as yet unidentified police officers, supervisors, administrators, officials, detectives, members of law enforcement, staff involved in the stop, search and detention of the Plaintiff, all in their official and individual capacities, and ABC ENTITIES 1-10 (as yet unidentified public entities),<br><br>　　　　Defendant. | Civil Action No. 23-23390<br><br>**OPINION**<br><br>November 5, 2024 |

**SEMPER**, District Judge.

Before the Court is Port Authority of New York and New Jersey, Officer Philip Campo, Jr. and Sergeant Wallis's ("Defendants") motion to dismiss Plaintiff Gerson Jean-Marie's ("Plaintiff") Complaint. (ECF 14, "Def. Br.") Plaintiff filed a brief in opposition. (ECF 21, "Opp.") Defendants filed a reply. (ECF 24, "Reply.") The Court reviewed all submissions made in support of and in opposition to the motion and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons stated below, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[1]

On or about January 2, 2022, Plaintiff and Defendant Officer Campo were at a bakery located at 1034 North Avenue in Elizabeth, New Jersey. (Compl. ¶¶ 8-9, 11.) Plaintiff, a Black male employed as a Lieutenant with the Elizabeth Police Department, was in civilian clothing while Defendant Officer Campo was in full uniform. (*Id.* ¶¶ 8, 10-11.) After Plaintiff placed his order at the bakery counter, Officer Campo motioned for Plaintiff to step outside the bakery and Plaintiff complied. (*Id.* ¶ 12.) Officer Campo then asked Plaintiff if he was armed. (*Id.* ¶ 12.) Plaintiff informed Officer Campo that he was armed and a police officer, explaining that he had his ID card in his vehicle parked on the street in front of the bakery. (*Id.* ¶ 13.) Thereafter, Officer Campo called into his Port Authority police radio stating "I got one with a gun/weapon," and grabbed Plaintiff's left arm, directing him to a wooden partition next to the bakery's outside seating. (*Id.* ¶¶ 14-16.) Plaintiff repeatedly pleaded with Officer Campo, reiterating that he was an Elizabeth police officer. (*Id.* ¶¶ 15-17.) Officer Campo proceeded to search Plaintiff. (*Id.* ¶ 18.) Several PAPD officers along with Defendant Sergeant Wallis subsequently arrived and assisted in the search and handcuffing of Plaintiff in front of the bakery. (*Id.* ¶¶ 19-22.) Plaintiff told Officer Campo and Sergeant Wallis that their treatment of him was wrong and that if he was white, it would not have happened; he further stated that because he is a Black man, he was being treated like a criminal. (*Id.* ¶ 21.) Sergeant Wallis smirked in response to Plaintiff's statement. (*Id.* ¶ 21.)

Several minutes later, Officer Gabriel Pereira, an Elizabeth police officer, arrived at the bakery and confirmed that Plaintiff was a Lieutenant with the Elizabeth Police Department. (*Id.* ¶ 24.) Despite this confirmation, Defendants did not immediately remove Plaintiff's handcuffs. (*Id.*)

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

Plaintiff subsequently filed a civilian complaint with the Civilian Complaint Investigations Unit regarding the bakery incident; he also filed a Police Civil Complaint Statement with the Port Authority Police Department but did not receive a response to either complaint. (*Id*. ¶¶ 26-27.)

On December 28, 2023, Plaintiff initiated this action. (ECF 1, Compl.) On May 1, 2024, Defendant moved to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). (ECF 14, MTD.) On June 17, 2024, Plaintiff filed an opposition. (ECF 21, Opp.) Defendants filed a reply. (ECF 24, Reply.) Plaintiff sues Officer Campos and Sergeant Wallis pursuant to Section 1983 and the New Jersey Civil Rights Act, alleging an unreasonable and unlawful search and seizure in violation of the Fourth Amendment, and a violation of Equal Protection under the Fourteenth Amendment. (*See* Compl. at 5-6.) Plaintiff also brings a *Monell* claim against the Port Authority of New York and New Jersey and the Port Authority Police Department for, *inter alia*, engaging in a practice and policy of exhibiting deliberate indifference to complaints of constitutional violations. (*See id.* at 7-9.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations

omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. ANALYSIS

### A. Section 1983 and NJCRA

Plaintiff's first count alleges a Section 1983 violation and a parallel violation of the New Jersey Civil Rights Act ("NJCRA"). N.J. Stat. Ann. § 10:6-1 *et seq*. (*See* Compl. at 5-6.) Section 1983 allows a plaintiff to bring a claim for certain violations of his or her constitutional rights.[2] To state a claim for relief under Section 1983, a plaintiff must allege the defendant: (1) violated a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed or caused by a person acting under color of state law. *Mikhaeil v. Santos*, 646 F. App'x 158, 161-62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

---

[2] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

Civil claims for deprivation of or interference with a person's rights guaranteed by the laws and constitutions of New Jersey and the United States can be asserted by way of the NJCRA. N.J. Stat. Ann. § 10:6-1 *et seq*.; *see Gormley v. Wood-El*, 93 A.3d 344, 358 (N.J. 2014) ("Section 1983 applies only to deprivations of federal rights, whereas [the NJCRA] applies not only to federal rights but also to substantive rights guaranteed by New Jersey's Constitution and laws."). Because the NJCRA is interpreted analogously to Section 1983, this Court's Section 1983 analysis controls Plaintiff's NJCRA claim as well.[3] *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (noting that the NJCRA "was modeled after 42 U.S.C. § 1983"); *Perez v. Zagami, LLC*, 94 A.3d 869, 875 (N.J. 2014) (stating that the NJCRA is "a state law analogue to Section 1983") (footnote omitted).

### 1. Violation of a Constitutional Right

#### a. Fourth Amendment

"To establish an unlawful search and seizure under the Fourth Amendment, a plaintiff must show that the defendant's actions: (1) constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment, and (2) were 'unreasonable' in light of the surrounding circumstances." *Kailie v. Sweet*, No. 13-4792, 2017 WL 1734027, at *3 (D.N.J. May 3, 2017) (quoting *Williams v. Temple Univ.*, No. 04-831, 2011 WL 2516234, at *3 (E.D. Pa. June 21, 2011)). There is no dispute that Plaintiff sufficiently alleges Defendants subjected him to a search and seizure within the meaning

---

[3] The NJCRA provides that:

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J. Stat. Ann. § 10:6-2(c).

of the Fourth Amendment. (*See* ECF 14, Def. Br.; *see also* ECF 21, Opp.) With respect to reasonableness, the Court determines that Plaintiff sufficiently alleges that the search and seizure were unreasonable in light of the surrounding circumstances. Plaintiff alleges that he was an Elizabeth police officer who would have fallen within the exceptions of N.J. Stat. Ann. § 2C:39-5(b) as delineated by N.J. Stat. Ann. § 2C:39-6.

Defendants argue that Plaintiff's Complaint must be dismissed as there was probable cause to believe Plaintiff's conduct violated N.J. Stat. Ann. § 2C:39-5(b). "The probable cause inquiry looks to the totality of the circumstances; the standard does not require that officers correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." *Wright v. City of Phila.*, 409 F.3d, 595, 603 (3d Cir. 2005). However, the question of probable cause in a Section 1983 action is generally one for the jury. *See Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998) (citing *Patzig v. O'Neil*, 577 F.2d 841, 848 (3d Cir. 1978)). As such, the factual determination as to whether the officer's probable cause determination made the search and seizure "unreasonable" under the totality of the circumstances is not properly determined at this stage.[4] The Fourth Amendment claim therefore survives the motion to dismiss at this time.

b. **Equal Protection**

To state an equal protection claim under Section 1983, a plaintiff "must allege that a state actor intentionally discriminated against him because of his membership in a protected class." *Lande v. City of Bethlehem*, 457 F. App'x 188, 192 (3d Cir. 2012). The complaint must allege "the existence of purposeful discrimination" by "demonstrat[ing] that [plaintiff] received different

---

[4] Because the Complaint alleges a set of facts that would support a denial of immunity, the Court will not resolve the issue of Defendants' qualified immunity defense at this juncture. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1460-62 (3d Cir. 1992) (citing *Robb v. Phila.,* 733 F.2d 286 (3d Cir. 1984)).

treatment from that received by other individuals similarly situated." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005).

Here, Plaintiff alleges he is a member of a protected class. However, the Complaint lacks sufficient factual allegations capturing the existence of purposeful discrimination: Plaintiff's Complaint does not allege different treatment for other individuals similarly situated.[5] As such, the equal protection claim is **DISMISSED** without prejudice.

### 2. State Action

The parties do not dispute that Plaintiff sufficiently alleged that his rights were violated by uniformed police officers acting in their official capacity under the Port Authority of New York and New Jersey and Port Authority Police Department, people acting under color of state law. *See Mikhaeil*, 646 F. App'x at 161-62 (citing *West*, 487 U.S. at 48).

### B. *Monell*

Plaintiff has also named the Port Authority of New York and New Jersey and the Port Authority Police Department in his Complaint pursuant to Section 1983 for municipal liability, known as a *Monell* claim. To prevail on a *Monell* claim, a plaintiff must first establish that the municipality had a policy or custom that deprived him of his constitutional rights. *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck* 89 F.3d at 971). In other words, the plaintiff must show that the municipality, through one of its policymakers, affirmatively proclaimed the policy or acquiesced in the widespread custom that caused the violation. *Watson v. Abington Twp.*, 478 F.3d 144, 155-56 (3d Cir. 2007). Custom may be shown by demonstrating that an informal course of conduct or practice, although not specifically endorsed or authorized by a

---

[5] "Persons are 'similarly situated' for equal protection purposes when they are alike 'in all relevant aspects.'" *Joey's Auto Repair & Body Shop v. Fayette Cty.*, 785 Fed. App'x 46, 49 (3d Cir. 2019) (citations omitted). Other than conclusory legal statements, the Complaint does not allege instances of different treatment for any specified group that would be similarly situated.

policy maker, is so pervasive and well-settled as to have the force of law. *Board v. County Comm'rs of Bryon County v. Brown*, 520 U.S. 397, 404 (1997). A custom may also be established by evidence of knowledge of the misconduct and acquiescence in the continuing action. *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989).

Here, the Complaint alleges that the PAPD and the PANYNJ has engaged in a course of conduct of "exhibiting deliberate indifference to complaints of constitutional violations," particularly through its Civilian Complaint Investigations Unit, which "create an environment wherein officers are comfortable in knowing they can act unlawfully without any repercussions or discipline." (Compl. at 7-8.) Plaintiff sufficiently alleges that his submitted complaints of constitutional violations were ignored in a "sham" complaint process; these ignored complaints created an environment such that similar unlawful conduct went unaddressed, leading to Plaintiff's injury. *See Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019). Accordingly, the Court determines that the *Monell* claim is properly pleaded and may proceed at this time.

## IV.     CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. If desired, Plaintiff is granted leave to file an amended complaint within forty-five (45) days addressing the deficiencies identified in this opinion. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    José R. Almonte, U.S.M.J.
       Parties